**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ERIC BRITTEN**,

Petitioner,

v.

**DAVID CRIST**,

Respondent.

---

Civil No. 00-941 (ADM/JGL)

**ORDER**

APPEARANCES

Eric Britten, pro se.

Gayle C. Hendley, Esq., Assistant County Attorney, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Eric Britten's Motion for Appointment of Counsel. Petitioner Britten asks this Court to appoint counsel pursuant to 28 U.S.C. § 1915 because he is unable to afford a lawyer, the legal issues in this case are complex, and Petitioner has limited knowledge of the law. The matter has been referred to the undersigned pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

The Sixth Amendment right to counsel does not apply to habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Reese v. Delo, 94 F.3d

NOV 15 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1177, 1182 (8th Cir. 1995). Habeas proceedings are civil in nature, and there is no right to appointed counsel in civil cases. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

A court may appoint an attorney to represent a person granted in forma pauperis status when the person is unable to employ counsel. See 28 U.S.C. § 1915(d). However, even indigent prisoners do not have a right to counsel in civil cases. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). In this case, Mr. Britten has neither applied for nor been granted in forma pauperis status. Thus, the motion should be denied on this basis.

Notwithstanding § 1915, a court may appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In exercising this discretion, a court should consider the factual complexity of the case, the ability of plaintiff to represent his claims, the complexity of the legal issues, and whether both the plaintiff and the court would benefit from representation by counsel. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. The Court further finds that Petitioner has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel

would not substantially benefit the Court or Petitioner. Accordingly, Petitioner Britten's motion is denied on this basis as well.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Eric Britten's Motion for Appointment of Counsel (no doc. no.) is **DENIED**.

Dated: November 15, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge