**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ERIC BRITTEN,**

Petitioner,

v.

**DAVID CRIST,**

Respondent.

---

Civil No. 00-941 (ADM/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Eric Britten, pro se.

Gayle C. Hendley, Esq., Assistant County Attorney, for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Eric Britten's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The matter has been referred to the undersigned for a Report and Recommendation pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Eric Britten is serving a 108 month sentence at Minnesota Correctional Facility in Stillwater, Minnesota. On August 15, 1997, Petitioner was charged with two counts of aggravated robbery, three counts of assault in the second degree, and two counts of burglary in the first degree.

FILED NOV 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On January 5, 1998, Petitioner pleaded guilty to two counts of aggravated robbery pursuant to a plea agreement. On March 3, 1998, Mr Britten appeared for sentencing and moved for permission to withdraw the guilty plea, but the court denied his motion. Petitioner made an identical motion on March 4, 1998, which was also denied, and the court sentenced Petitioner to 98 months for Count I and 108 months for Count II. Petitioner appealed the district court's denial of his motion to the Minnesota Court of Appeals, which affirmed the denial, and then appealed to the Minnesota Supreme Court, which denied review. Mr. Britten filed a pro se postconviction petition in Hennepin County District Court, which was denied and not appealed.

On September 29, 1999, Petitioner filed a petition for writ of habeas corpus in federal court. The Honorable Ann D. Montgomery adopted the Report and Recommendation of this Court and dismissed Petitioner's claims without prejudice because the petition contained both exhausted and unexhausted claims; the only exhausted claim was based on the alleged abuse of discretion by the trial court in denying the motion to withdraw the guilty plea. On April 12, 2000, Petitioner filed a second federal petition for writ of habeas corpus, alleging solely that the trial court erred in denying his motion to withdraw his guilty plea. Petitioner explains he pleaded guilty based on the mistaken belief that his two sentences would be based on the same criminal history score, which would have resulted in a 98 month sentence rather than a

108 month sentence for Count II.[1] Instead, the criminal history points from the first count were applied to the second count, resulting in a longer sentence for the second count.

Respondent Crist argues that Mr. Britten's petition should be denied on the grounds that it does not implicate rights under the United States Constitution or federal law. Furthermore, Respondent observes that the plea agreement signed by Petitioner called for a "guidelines" sentence but did not specify the length of the sentence. Respondent submits that Petitioner was sentenced to 98 months on the first count in accordance with sentencing guidelines and the plea agreement, and to 108 months on the second count, also according to the guidelines and agreement.

## II. DISCUSSION

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention. See Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973). Federal courts may entertain a habeas corpus petition only on the grounds that a prisoner's incarceration violates the United States Constitution or other federal law. See 28 U.S.C. § 2254(a) (1996); Wycoff v. Nix, 869 F.2d 1111, 1113 (8th Cir. 1989). Federal habeas relief is not available for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991).

---

[1] Petitioner does not challenge the actual calculation of the 108 month sentence; rather, Petitioner alleges that the sentencing court twice "withdrew" the plea agreement and increased the sentence in contravention to the agreement.

**A. Exhaustion of Available State Remedies.**

A habeas corpus petitioner must demonstrate that he has exhausted his available state remedies with respect to every claim raised in the habeas petition before a federal court may consider the merits of any claim in the petition. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 510 (1982). A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim. See Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-278 (1971)). In the present case, Petitioner Britten raises the same issue he presented to the state appellate courts. Therefore, this Court finds that Petitioner has exhausted his state remedies.

Because Petitioner did not cite federal law when he presented his claim to the state appellate courts, Respondent asserts that Petitioner's claim is not exhausted. However, Respondent misreads the requirements for exhaustion. A petitioner need only present "the substance" of a federal claim to the state courts. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted). Moreover, a court should liberally construe a pro se petitioner's request for relief despite the petition's formal imperfections. See Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999) (citing Prince v. Lockhart, 971 F.2d 118, 121 (8th Cir. 1992)). In the present case, the substance of Petitioner's claim is the

alleged infirmity of his guilty plea due to his mistaken belief about his potential sentence, which was the same issue before the Minnesota state courts.

**B. Whether the Sentencing Court's Denial of Petitioner's Motion to Withdraw His Guilty Plea Entitles Petitioner to Relief Under 28 U.S.C. § 2254.**

The transcript of the plea hearing on January 5, 1998, shows that the sentences for the aggravated robbery counts to which Defendant pleaded guilty would be "guideline sentences." Defendant's lawyer explicitly represented that she and Mr. Britten understood the sentencing terms. The court questioned Petitioner as to whether he understood the constitutional rights being relinquished, but the court did not question or advise him about the possible sentences. Petitioner sufficiently testified about the factual basis of the crimes charged and pleaded guilty. The matter was scheduled for a pre-sentence investigation and sentencing, which resulted in a 98 month sentence for the first count of aggravated robbery and a 108 month sentence for the second count.

While Petitioner does not cite any specific legal grounds for his current petition, he asserts that he mistakenly believed that his two sentences would be based on the same criminal history score. Petitioner's assertion implicates Boykin v. Alabama, 395 U.S. 238, 242-43 (1969), which requires a guilty plea to be made knowingly, intelligently, and voluntarily in order to comport with the United States Constitution. A plea is unknowing or involuntary if the defendant does not understand the nature of the

constitutional protections being waived, if his understanding of the charges is so lacking that the plea does not suffice as an intelligent admission of guilt, or if the defendant was not advised of or did not understand the direct consequences of his plea. See Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976); Brady v. United States, 397 U.S. 742, 755 (1970). At a plea hearing, the court "is not required to inform a defendant of the applicable [sentencing] guideline range or the actual sentence he will receive." United States v. Thomas, 894 F.2d 996, 997 (8th Cir. 1990) (citation omitted); see also Thomas v. United States, 27 F.3d 321, 324 (8th Cir. 1994) (citation omitted) (finding plea voluntary where the defendant knew the maximum possible sentence and that the sentencing guidelines would apply). The imposition of a sentence greater than what a defendant expected is not a basis to set aside a plea. See, e.g., Sweeden v. United States, 209 F.2d 524, 527 (8th Cir. 1954).

In the present case, there is no evidence that the plea was involuntary. According to the transcript of the plea hearing, Petitioner Britten unequivocally expressed his understanding of the constitutional protections he was waiving, and there is no other evidence that he did not so understand. Likewise, there is nothing on the record to suggest, nor does Petitioner now allege, that he did not comprehend the nature of the charges against him. When Petitioner Britten signed the plea agreement and subsequently pleaded guilty, he agreed to be sentenced in accordance with sentencing guidelines, not to any specific sentence. Mr. Britten himself wrote on the petition that he

understood he would receive a "guidelines sentence" in return for his guilty plea. The 108 month sentence conformed to the sentencing guidelines. Additionally, the plea petition signed by Mr. Britten on January 5, 1998, reveals that the maximum possible penalty that the court could impose was twenty years, a sentence significantly longer than the 108 month sentence actually imposed. Thus, Petitioner received the benefit of his bargain. Furthermore, Petitioner does not claim that he did not have access to the guidelines or other information concerning his sentencing when he made the agreement, and he does not allege ineffective assistance of counsel. The Court concludes that Petitioner's guilty plea was made knowingly, voluntarily, and intelligently.

The sentencing court's denial of Mr. Britten's motion to withdraw his plea did not violate any federal or constitutional law. Mr. Britten's petition for habeas relief therefore should be denied, and the case should be dismissed with prejudice.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Eric Britten's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody (Doc. No. 1) be **DENIED** and that the matter be **DISMISSED WITH PREJUDICE**.

Dated: November 15, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Dec. 4, 2000, with a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.