**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eric Britten,

Petitioner,

v.

**ORDER**
~~Criminal~~ Civil No. 00-941 ADM/JGL

David Crist,

Respondent.

---

This matter is before the undersigned United States District Judge pursuant to Petitioner's Objections [Doc. No. 11] to the November 15, 2000 Report and Recommendation ("R&R") of Magistrate Judge Jonathan Lebedoff [Doc. No. 9]. In the R&R, Judge Lebedoff recommends that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied and the matter be dismissed with prejudice.

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections. In reviewing objections to a R&R, a district court must make an independent, de novo evaluation of those portions of a R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Local Rule 72.1(c)(2). For purposes of habeas corpus review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); 28 U.S.C. § 2241.

Petitioner objects to the R&R's footnote one, which states that "[p]etitioner does not challenge the actual calculation of the 108 month sentence; rather, Petitioner alleges that the

FILED JAN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 19 2001
DEPUTY CLERK

sentencing court twice 'withdrew' the plea agreement and increased the sentence in contravention to the agreement." R&R, p. 3, n. 1. Petitioner argues that the footnote "contradicts itself because that's one of the main points trying to be established that the court withdrew the plea agreement at 78 months and raised it to 98 months at which I signed . . ." Objections, p. 2, ¶ 2.

Petitioner's argument is without merit. The record indicates that Petitioner made a knowing, intelligent, and voluntary guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 243-43 (1969). When Petitioner plead guilty, he agreed to be sentenced according to the sentencing guidelines, not to any specific sentence. At a plea hearing, a court is not required to inform the defendant of the applicable guideline range or the actual sentence he will receive. *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir. 1990). The 108 month sentence Petitioner received conformed to the sentencing guidelines. That Petitioner's sentence was greater than he anticipated is of no legal consequence. *See Sweeden v. United States*, 209 F.2d 524, 527 (8th Cir. 1954). Thus, the sentencing court's denial of Petitioner's motion to withdraw his plea did not violate the United States Constitution or any federal law.

Petitioner further objects to the R&R's statement that "[w]hile Petitioner does not cite any specific legal grounds for his current position, he asserts that he mistakenly believed that his two sentences would be based on the same criminal history score." R&R, p. 5. In support of his position, Petitioner quotes from a source he styles "Santabello vs. NY." *See* Objections, p. 2, ¶ 3. However, no case with that name is applicable to Petitioner's situation. Petitioner simply has no legal authority for his assertions.

To the extent Petitioner's objections may be intended to assail the state court's

application of the sentencing guidelines, such an argument fails because federal habeas corpus relief is not available for errors of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67.

Finally, Petitioner asserts that:

> [w]hen the entire case was being litigated in state courts Petitioner was already incarcerated at MCF Stillwater, and was in punitive segregation. Petitioner was not able to go to the law library, order law books or get Internet copies of state or federal law.

Objections, p. 3, ¶ 4. Petitioner has cited no authority for the proposition that such allegations constitute a violation of the United States Constitution or other federal law.

The record indicates that Petitioner made a knowing, intelligent, and voluntary guilty plea. When Petitioner pled guilty, he acknowledged that he would receive a sentence in accordance with the guidelines. Petitioner's disappointment with the application of the sentencing guidelines is not grounds for relief. Petitioner's request for a Writ of Habeas Corpus is denied.

Based upon the Report and Recommendation of Magistrate Judge Jonathan Lebedoff and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation [Doc. No. 9] is adopted in its entirety.

(2) Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd